IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| Staci Goldsby-Brown ) | |
| Plaintiff ) | |
| ) | |
| ) | Case No:_____ |
| v. ) | JURY DEMAND |
| ) | |
| Fed Ex Ground, DeshawnBey ) | |
| Richard Rodriguez ) | |
| Defendant ) | |
| ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, the Plaintiff and files this lawsuit alleging various causes of action against the Defendant as follows:

**JURISDICTION AND VENUE**

1. This court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., 29 U.S.C. § 7691, et seq., and 28 U.S.C. § 1367.

2. Plaintiff has complied with all jurisdictional prerequisites to action under Title VII of the Civil Rights Act of 1964 and Civil Rights Act of 1866 as amended including having exhausted all administrative remedies.

3. All of the acts committed by Defendant occurred within the Northern District of the State of Alabama.

## PARTIES

4. FedEx Ground is a wholly-owned subsidiary of FedEx Ground Package System, Inc. ("FedEx Ground"). The facts, actions and allegations made the basis of this suit occurred within the jurisdiction of this Court at Fed Ex Ground - 4901 Alton Court, Irondale, AL 35210. FedEx Ground is a foreign entity of this State and its' principal place of business is located at 1000 RPS DRIVEITTSBURGH, PA 15230.

5. At all times relevant DeshawnBey was an employee of FedEx Ground located at 4901 Alton Court, Irondale, AL 35210.

6. At all times relevant Richard Rodriguez was an employee of FedEx Ground located at 4901 Alton Court, Irondale, AL 35210.

7. Staci Goldsby-Brown, ("Goldsby-Brown" or "Plaintiff") is an African American disabled female. She resides within the jurisdiction of this court in Trussville, AL 35173.

## STATEMENT OF RELEVANT FACTS

8. On or about March 2012, Goldsby-Brown was hired by FedEx Ground as a Package handler (part-time).

9. In April 2013, Goldsby-Brown was diagnosed with generalized anxiety disorder and general depressive disorder. She submitted documentation in support of request for reasonable accommodations due to her disability, including but not limited to her doctor's specific recommendations.

10. The requests for accommodation were not only denied, but the information was then used against her. She was targeted for ridicule by her colleagues as well as her supervisor.

11. Goldsby-Brown's supervisor would refer to her as "crazy" or "bipolar", and would laugh along when other employees did the same.

12. A particular employee, Richard Rodriguez began harassing Goldsby-Brown, and attempting to induce a panic attack. He would routinely sneak up behind her and yell, grab her from behind by the shoulders to startle her and randomly yell obscenities at her. Goldsby-Brown reported the behavior to her supervisor. Despite Mr. Rodriguez freely admitting to the conduct, he was neither disciplined nor instructed to stay away from Goldsby-Brown.

13. On or about June 30, 2016, Goldsby-Brown got engaged. She posted photos of with her fiancé, a Caucasian male, to the social networking site "Facebook".

14. After the posting, her supervisor started referring to Goldsby-Brown using racially discriminatory monikers such as "vanilla swirl" "down with the swirl girl" and "oreo." The comments were regularly made in front of other employees.

15. On or about, August 8, 2016, Staci reported the racial discriminatory behavior via the FedEx employee alert hotline and formally lodged a complaint against her supervisor. Goldsby-Brown, also submitted a "follow up" complaint via the online FedEx alert hotline "Ethicspoint.com."

16. After reporting the discriminatory actions of her supervisor, Goldsby-Brown's badge used to gain entry into the building inexplicably stopped working. As a result, Goldsby-Brown was forced to enter the building through a rear entrance, which was humiliating and demeaning.

17. Her requests for a new badge were ignored. Goldsby-Brown continued to make the request pointing out that newer employees were being issued functional badges. Finally, on or about, August, 26, 2016, Deshawn Bey, Goldsby-Brown's then supervisor, told her that no matter how many times she reported the issue of not having

standard employee entry to the building the issue would not be remedied.

18. Plaintiff interpreted the foregoing action and comments from her supervisor as a form of retaliation and punishment for making the original report of discrimination via the employee alert hotline. Prior to making the report against her supervisor, Goldsby-Brown always had a fully functioning badge that permitted standard employee entry to the building.

19. During the same time period, Goldsby-Brown was received several unwarranted write-ups for tardiness, absenteeism and "no-show, no call-in".

20. Goldsby-Brown was notified that the position of Operational Admin II (Part-time) that she applied for on August 8th 2016 was awarded to Jane Doe (name redacted for privacy), a less qualified employee with less experience.

21. As a result of the discriminatory and retaliatory actions listed herein and above, Goldsby-Brown has been injured in the following ways:
      a) Loss of earnings/wages
      b) Emotional distress
      c) Restlessness
      d) Insomnia
      e) Depression
      f) Anxiety

g) Other Health complications

## COUNT 1
## DISCRIMINATION BASED ON DISABILITY

22. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

23. Plaintiff is a "qualified individual with a disability" as defined in 42 U.S.C. § 12102(1).

24. Plaintiff was discriminated against, denied promotion opportunities and forced to work in a hostile work environment on the basis of her disability, in violation of American Disabilities Act of 1990 as amended (ADA), Title VII of the Civil Rights Act of 1964 and Civil Rights Act of 1866.

25. Plaintiff was fully capable of performing all of the functions of her job provided she had reasonable accommodations.

26. According to the Plaintiff's Physician's letters to the Defendant, a reasonable accommodation would only require the company to permit Plaintiff at most 1-2 personal days per month and a short break in the event that she experienced a panic attack at work. The latter can hardly be considered an accommodation since a person without a previously diagnosed anxiety disorder may experience a panic attack, and the Defendant's existing policies would accommodate them.

27. However, rather than provide even the most basic accommodations, the Defendant – by and through their agents, subjected the Plaintiff to harassment and ridicule.

28. The Defendant's conduct constituted a failure to accommodate her disability as required by American Disabilities Act of 1990 as amended (ADA), Title VII of the Civil Rights Act of 1964 and Civil Rights Act of 1866.

29. Plaintiff properly and timely filed charges of discrimination with the EEOC and has thus exhausted all administrative remedies prior to filing this suit. Documentation of the Complaint and the Right to Sue Notice is available upon request.

30. As a direct and proximate result of defendant's actions, plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress; she has incurred and will continue to incur medical expenses for treatment by psychotherapists and other health professionals and for other incidental expenses; and she has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

31. Defendants' agents (Richard Rodriguez and Deshawn Bey) conduct was malicious and intentional, and with conscious disregard of the Plaintiff's rights. Even after Defendants were notified of their agents conduct, they failed to act to protect the Plaintiff.

32. Therefore Plaintiff is entitled to and requests, punitive damages.

## COUNT 2
## DISCRIMINATION BASED ON RACE

33. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

34. Defendant through its agent and/or supervisors, DeshawnBey and Richard Rodriguez's, engaged in a pattern and practice of unlawful discrimination on the basis of race or national origin by denying plaintiff promotions, fair salary increases and subjecting her to an arbitrary disciplinary process, and hostile work environment on the basis of her race and or national origin in violation ofunder Title VII of the Civil Rights Act of 1964 and Civil Rights Act of 1866 as amended.

35. Defendant FedEx Ground at all times relevant had actual and constructive knowledge of the conduct described.

36. Defendant FedEx Ground failed to take reasonable steps to prevent the discrimination or remedy it once it occurred.

37. Plaintiff filed a charge of discrimination on the basis of race or national origin in employment with the EEOC, a true and correct copy will be provided to the court and has previously been provided to the defendant, Fed Ex Ground. Within one year of filing this Complaint, EEOC has issued a Right to Sue Notice authorizing this lawsuit, a true and correct copy will be provided to the Court upon request and has been provided to the Defendant. Plaintiff has exhausted her administrative remedies.

38. As a direct and proximate result of defendant's actions, plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress; she has incurred and will continue to incur medical expenses for treatment by psychotherapists and other health professionals and for other incidental expenses; and she has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

39. Plaintiff is also entitled to punitive damages as well as reasonable attorney's fees.

## COUNT 3
## RETALIATION

40. The Plaintiff engaged in activities, which are protected under Title VII.

41. The Defendant was aware of each of the activities under Title VII.

42. As a direct and proximate result of the protected activity the Plaintiff suffered adverse employment actions.

43. The retaliatory actions were taken by supervisors within FedEx Ground.

44. The retaliatory actions created an intolerable hostile work environment, and ultimately termination of employment.

45. The Defendant at all relevant times, knew or should have known, of the retaliatory actions being taken against the Plaintiff.

46. Because of the willful actions of the Defendant and its supervisors, and as a proximate cause thereof, the Plaintiff has been and continues to be denied her right to equal employment opportunity in violation of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e et seq..

47. As a result of the foregoing, the Plaintiff has been damaged. Such damages include, but are not limited to discipline including

termination from employment, suspension from employment, loss of pay, loss of benefits, loss of an amicable work environment and harm to her professional reputation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays this court

1. Order Defendants to make Plaintiff whole by providing appropriate back pay and reimbursement for lost wages, Social Security, front pay and other benefits in an amount to be shown at trial, including but not limited to, affirmative relief that puts Plaintiff in the position she would have been had there been no discrimination.
2. Grant to Plaintiff judgment against Defendants for damages, in an amount to be determined by a jury for mental distress and inconvenience imposed on her through and as a result of the aforementioned discriminatory acts;
3. Grant to Plaintiff judgment against the Defendants for punitive damages;
4. Grant Plaintiff's attorney's fees and costs;
5. Grant Plaintiff a jury trial;
6. Grant such additional relief as the court deems proper and just.

Respectfully submitted this 8th day of August 2017.

s/Richard A. Rice
Richard A. Rice

Richard A. Rice
Attorney for Staci-Goldsby Brown
The Rice Firm, LLC
N. 420 20th Street
Birmingham, Alabama 35201
Suite 2200
rrice@rice-lawfirm.com



PLEASE SERVE THE DEFENDANT AT THE ADDRESS BELOW:

FED EX GROUND PACKAGE SYSTEM, INC. (FED EX GROUND)
c/o C T CORPORATION SYSTEM
2 NORTH JACKSON ST., SUITE 605
MONTGOMERY, AL 36104


RICHARD RODRIGUEZ – FED EX GROUND
c/o C T CORPORATION SYSTEM
2 NORTH JACKSON ST., SUITE 605
MONTGOMERY, AL 36104

DESHAWN BEY – FED EX GROUND
c/o C T CORPORATION SYSTEM
2 NORTH JACKSON ST., SUITE 605
MONTGOMERY, AL 36104

**JURY DEMAND**